THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD L. HIGGINS, as Commissioner of the State Division of Housing and Community Renewal, Appellant, v MARDON ORSLAND et al., Respondents.

Third Department, November 5, 1992

APPEARANCES OF COUNSEL

*Dennis Hasher,* Albany *(Hubert D. Miles* and *Frank Gannon* of counsel), for appellant.

*S. James Matthews,* Kingston, for respondents.

**OPINION OF THE COURT**

WEISS, P. J.

Susan and William Keating, owners of a mobile home, rented a lot from respondents on a month-to-month basis. When the Keatings informed respondents of their decision to sell their mobile home to new owners who would leave it situated on the lot, respondents notified the Keatings that their month-to-month tenancy was terminated and that the new owners would not be afforded the opportunity to rent the lot after the expiration of the terminated tenancy.

Petitioner commenced this proceeding pursuant to Real Property Law § 233 (v) to enjoin respondents from requiring removal of the mobile home from the park without offering the new owners-tenants a one-year lease as required by Real Property Law § 233 (e). Supreme Court dismissed the proceeding upon finding that Real Property Law § 233 (i) (1) did not preclude the removal of the Keatings' mobile home at the end of their rental period. Petitioner has appealed.

In a case of first impression, we are called upon to reconcile the statutory ambiguities resulting in the interpretation of Real Property Law § 233 (e) and § 233 (i) (1). Real Property Law § 233 (e) requires a mobile home park owner or operator to offer in writing a one-year lease to every mobile home tenant prior to occupancy *(People ex rel. Higgins v Peranzo,* 179 AD2d 871, 873), while Real Property Law § 233 (i) (1) requires such owner or operator to reasonably approve as a mobile home tenant the purchaser of a mobile home already situated in a mobile park for the remainder of a seller's term. Further, a mobile home park owner or operator has the right to reject a purchaser who seeks to become a new tenant for poor credit or other unsuitabilities, provided such rejection is not unreasonable (Real Property Law § 233 [i] [1]). Unlike Supreme Court, we find no inconsistency between the two subdivisions. Real Property Law § 233 was designed to increase the rights of mobile home tenants *(see,* Meehan, Practice Commentaries, McKinney's Cons Laws of NY, Book 49, Real Property Law § 233, 1992 Pocket Part, at 10-11). The two subdivisions can easily be read together *(see,* McKinney's Cons

Laws of NY, Book 1, Statutes §§ 92, 98, 145) to provide a mobile home purchaser with flexibility, which in turn provides the selling tenant protection when selling his or her mobile home. The purchaser can either accept a new one-year lease or take the remainder of the seller's term, which may be longer or shorter than the one-year lease. Accordingly, the petition should not have been dismissed for failure to state a cause of action.

MIKOLL, YESAWICH JR., CREW III and HARVEY, JJ., concur.

Ordered that the order is reversed, on the law, without costs, motion denied, and respondents are granted 20 days from the date of this Court's decision to serve a verified answer.